**Kala SINGH, Petitioner,**

v.

**Peter D. KEISLER, Acting United
States Attorney General,\*
Respondent.**

No. 03–4451–ag.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Rebecca A. Niburg, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. (Jill O. Venezia and Daniel David Hu, Assistant U.S. Attorneys, and for Donald J. DeGabrielle, Jr., U.S. Attorney for The Southern District of Texas, Houston, Texas on the brief), for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PETER W. HALL, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.**

## SUMMARY ORDER

Petitioner Kala Singh, a native and citizen of India, seeks review of a February 10, 2003 denial of his motion to reopen by the Board of Immigration Appeals (BIA). *In re Kala Singh*, No. A76 676 495 (B.I.A. Feb. 10, 2003). On December 3, 2002, the BIA denied Singh's appeal of his application for asylum and reinstated the Immigration Judge's (IJ) grant of voluntary departure, requiring Singh to depart within 30 days of the date of the BIA's decision. *In re Kala Singh*, No. A76 676 495 (B.I.A. Dec. 3, 2002), *aff'g* No. A76 676 495 (Immig. Ct. N.Y. City, Nov. 16, 1999). Thirty days later, on January 2, 2003, Singh filed his motion to reopen for an adjustment of status, the denial of which is the sole matter before us in this petition. We assume the parties' familiarity with the facts, proceedings below, and specification of the issues on appeal.

** The Honorable Jed S. Rakoff, District Judge for the Southern District of New York, sitting

A decision by the BIA to deny a motion to reopen will be reversed only upon a finding of an abuse of discretion. *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion occurs "where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies ... is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* Under 8 U.S.C. § 1229a(c)(7)(B) a "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." In *Matter of Velarde*, 23 I. & N. Dec. 253 (BIA 2002), the BIA ruled that a motion to reopen for an adjustment of status, where a party marries during the course of immigration proceedings, may be granted where the motion: (1) is timely filed; (2) is not barred numerically; (3) is not barred by *Matter of Shaar*, 21 I. & N. Dec. 541 (BIA 1996); (4) is supported by clear and convincing evidence that the marriage is bona fide; and (5) is not opposed by the immigration service. *Velarde*, 23 I. & N. Dec. at 256.

█ Singh's motion to reopen was not sufficiently supported to demonstrate that it should be granted. In support of the motion, Singh submitted a marriage certificate, a child's birth certificate, an affidavit signed by Singh stating that a visa petition had been filed on his behalf, and a copy of a receipt from the Immigration and Naturalization Service, the relevance of which is not apparent on its face or otherwise established. Neither the text of the motion nor the supporting documents demonstrate by clear and convincing evidence that Singh was entitled to an adjustment in

by designation.

status. In addition, the record shows that Singh was married shortly after he filed his application for asylum; thus it could have been raised during the asylum proceedings. The BIA did not abuse its discretion in denying Singh's motion to reopen.

Petitioner has filed with this Court a motion for remand to the BIA so it may consider additional evidence not previously presented to it. That motion is denied. This Court in *Xiao Xing Ni v. Gonzales*, 494 F.3d 260 (2d Cir.2007), suggested that, although the Illegal Immigration Reform and Immigrant Responsibility Act "explicitly revoked our authority to remand to the BIA for the taking of additional evidence," *id.* at 265 (citing 8 U.S.C. § 1252(a)(1)), we may retain inherent authority to remand to the BIA for consideration of additional evidence in "cases that present extraordinary and compelling circumstances," *id.* at 269. Assuming that we have such inherent authority, its exercise is not warranted by the present circumstances.

Accordingly, the Petitioner's motion to this court for remand to the BIA is **DENIED** and the petition for review is **DENIED.**